UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jerome Capelton

   v.                                                   Civil No. 15-cv-312-JL

United States

**REPORT AND RECOMMENDATION**

Jerome Capelton, a federal prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his conviction and resulting sentence in the District of Massachusetts. The petition is before this court for preliminary review, to determine whether the § 2241 petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

**Standard**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual allegations, accepted as true, to state a claim to relief that appears legally sufficient. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner proceeds pro se, the

assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

On September 26, 2001, Capelton was convicted in the District of Massachusetts of three felonies related to the possession of cocaine with intent to distribute. See United States v. Capelton, 350 F.3d 231, 235 (1st Cir. 2003). Capelton was sentenced to 360 months of imprisonment and five years of supervised release. See id. Capelton's sentence included an enhancement for being a career offender under the United States Sentencing Guidelines, based on one previous felony conviction for a crime of violence, and three previous felony convictions for controlled substance offenses. See U.S.S.G. § 4B1.1 (two or more "felony convictions of either a crime of violence or a controlled substance offense" qualifies criminal defendant for career offender enhancement). The First Circuit affirmed Capelton's conviction. See Capelton, 350 F.3d at 246.

In 2005, Capelton filed his first motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255. See United States v. Capelton, No. 00-CR-30027-MAP ("Criminal Case"), ECF No. 350 (D. Mass.). The District of Massachusetts

2

denied that motion in July 2011.  See Capelton v. United States, No. 3:05-cv-30217-MAP (D. Mass. July 15, 2011), ECF No. 53.  That court and the First Circuit both denied Capelton's request for a certificate of appealability.  See id., ECF Nos. 59 and 61).

On October 5, 2015, Capelton sought leave in the First Circuit to file a successive § 2255 motion in the District of Massachusetts, raising a claim under Johnson v. United States, 135 S. Ct. 2551 (2015).  The First Circuit denied Capelton's application.  See Capelton v. United States, No. 15-2163 (1st Cir. Nov. 30, 2015).

Capelton now files the instant § 2241 petition, asserting the same claims raised in his application for leave to file a successive § 2255 motion.  Capelton argues that his sentence should be reduced or vacated to the extent he received a "career offender" enhancement under the Sentencing Guidelines, because the sentencing court's use of a crime of violence as a predicate offense violated his due process rights.  In Johnson, 135 S. Ct. at 2563, the Supreme Court held that the similarly-worded residual clause of the Armed Career Criminal Act is unconstitutionally vague.

## Discussion

Capelton alleges that, under the "savings clause" contained in § 2255(e), he may seek relief under § 2241, because § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted). Capelton also asserts that because his previous violent felony conviction cannot be used to render him eligible for a "career offender" sentence enhancement, he may seek relief under § 2241 because he is "actually innocent" of being a career offender.

The First Circuit denied Capelton's application for permission to file a successive § 2255 motion in the District of Massachusetts, because three of the felony convictions used to justify his career offender sentence enhancement were controlled substance offenses. In other words, even if the remaining felony conviction were not counted, there were a sufficient number of controlled substance convictions in his criminal record to render him eligible for the career offender enhancement. Johnson therefore "provides no grounds for relief

4

in Capelton's case." <u>Capelton v. United States</u>, No. 15-2163 (1st Cir. Nov. 30, 2015), slip op. at 1.

The procedures available under § 2255 – specifically, the process of applying to the First Circuit for leave to file a successive § 2255 motion – already provided Capelton with an opportunity to obtain judicial review of his <u>Johnson</u> claim. It is the inapplicability of <u>Johnson</u> to Capelton's circumstances, and not the configuration of § 2255 itself, that rendered Capelton unable to obtain relief under § 2255. Capelton has thus failed to show that the remedy available under § 2255 is inadequate or ineffective in his case to test the validity of his conviction and sentence. Accordingly, this court lacks savings clause jurisdiction over Capelton's § 2241 petition, <u>see</u> <u>Trenkler</u>, 536 F.3d at 99, and for that reason, and the district judge should dismiss this case.

## Conclusion

For the foregoing reasons, the district judge should dismiss Capelton's § 2241 petition for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u>

5

Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 5, 2016

cc: Jerome Capelton, pro se
    Seth R. Aframe, Esq.